IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. ___1:18-1088___ |
| | ) | 18 U.S.C. § 666(a)(1)(A) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| v. | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | INFORMATION |
| HAROLD DEWAYNE ENNIS, JR. | | |

COUNT 1
(Theft of Federal Funds)

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Information:

1.     HAROLD DEWAYNE ENNIS, JR. was employed by the Town of Allendale, South Carolina ("the Town of Allendale"). He was hired by the Town Council in or around the year 2000 to serve as Town Administrator, and he has served in that capacity ever since. As Town Administrator, HAROLD DEWAYNE ENNIS, JR. reports to the Town Council and is an agent of the Town of Allendale, having authority in managing and using Town funds.

2.     The Town of Allendale applies for and receives funds from various Federal programs and grants. The Town of Allendale received federal funds in excess of $10,000 for each calendar year of 2015 and 2016.

3.     Beginning at least in 2015, HAROLD DEWAYNE ENNIS, JR. started siphoning funds from the Town of Allendale for personal and unofficial uses. Using a bank card issued to the Town of Allendale, HAROLD DEWAYNE ENNIS, JR. purchased vehicles for personal use and the personal uses of his subordinates. Additionally, HAROLD DEWAYNE ENNIS, JR. used

funds from the Town of Allendale to pay for automobile repairs and home repairs.

4.      Beginning in at least 2015, HAROLD DEWAYNE ENNIS, JR. also siphoned funds from the Town of Allendale by receiving payment for hours worked elsewhere. HAROLD DEWAYNE ENNIS, JR. received mileage reimbursement payments from a secondary source of income while on the clock for the Town of Allendale.

5.      Beginning at least in or about March 2015 and continuing through or about March 2017, in the District of South Carolina and elsewhere HAROLD DEWAYNE ENNIS, JR., being an agent of the Town of Allendale, South Carolina, said Town of Allendale receiving in the one-year period beginning in March 2015 and the one-year period beginning in March 2016, benefits in excess of $10,000 during each of those years, under various Federal programs providing grants and assistance, embezzled, stole, and obtained by fraud, property worth at least $5,000 and under the care of the Town of Allendale, in each one-year period;

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

## FORFEITURE

1.   THEFT OF FEDERAL FUNDS:

As a result of the foregoing violation of 18 U.S.C. § 666, as charged in this Information, upon conviction, Defendant, HAROLD DEWAYNE ENNIS, JR., shall forfeit to the United States any property, real or personal, which constitutes or is derived from any proceeds the Defendant obtained, directly or indirectly, as a result of such violation, and any property traceable to such property.

2.   PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of Defendant for the violations charged in this Information includes, but is not limited to, the following:

> Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Information, that is, a minimum of approximately $15,000 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violation of 18 U.S.C. § 666.

3.   SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of Defendant-

> (1)   cannot be located upon the exercise of due diligence;
> (2)   has been transferred or sold to, or deposited with, a third party;
> (3)   has been placed beyond the jurisdiction of the court;
> (4)   has been substantially diminished in value; or
> (5)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p)   to seek forfeiture of any other property of the said Defendant up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

_____
SHERRI A. LYDON                (alr)
UNITED STATES ATTORNEY